AARON LUCAS SHELTON, and   §

HEATHER NICOLE SHELTON,   §

        *Plaintiffs*,   §

~v~   §       No. 15 C 322

HAMILTON COUNTY GOVERNMENT,   §       **JURY DEMAND**

CURTIS BRIAN KILLINGSWORTH,   §
In his official capacity as an   §
agent for Hamilton County Government   §
and in his individual capacity,   §

*and*   §

JOHN DOE[S] 1 THROUGH 10,   §
In their official capacities as   §
agents for Hamilton County Government   §
and in their individual capacities,   §

        *Defendants*.   §

## COMPLAINT

**Introduction:**

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of rights secured to Plaintiff Aaron Lucas Shelton ("Aaron") by the Fourth, and Fourteenth Amendments to the United States Constitution, for violations of the common laws of the State of Tennessee by the defendants and brought by Aaron pursuant to the Tennessee Governmental Tort Liability Act.

2.    Aaron further brings this action against the defendant, Hamilton County Government ("County") pursuant to TENN. CODE ANN. § 8-8-302.

~ 1 ~



Case 1:15-cv-00053-HSM-SKL   Document 1-1   Filed 03/12/15   Page 1 of 23   PageID #: 4

3.     This is an action for money damages brought by Plaintiff Heather Nicole Shelton ("Heather") against the defendants for violations of the common laws of the State of Tennessee and brought by Heather pursuant to the Tennessee Governmental Tort Liability Act.

4.     Heather further brings this action against the County pursuant to TENN. CODE ANN. § 8-8-302.

5.     Plaintiffs aver that the individually named defendant, Curtis Brian Killingsworth ("Killingsworth") acted as deputy sheriff, agent, and law enforcement officer employed by the County and was at all times relevant to this matter acting under color of law and under color of his office with the County.

6.     Plaintiffs further aver that the defendants referred to as John Doe[s] 1 through 10 ("Does") acted as deputy sheriffs, agents, and law enforcement officers employed by the County and were at all times relevant to this matter acting under color of law and under color of their offices with the County.

7.     Plaintiffs also maintain that the individual defendants committed these violations, further set forth herein, as a result of policies, customs, practices, and/or procedures of the County.

8.     In addition, plaintiffs aver that the individual defendants' acts and omissions subjected plaintiffs to mental anguish and emotional distress.

**Jurisdiction and Venue:**

9.     This is an action to redress the deprivation of rights secured to Aaron by the Fourth and Fourteenth Amendments (specifically the Due Process Clause of the Fourteenth Amendment) to the United States Constitution (enforceable through 42 U.S.C. § 1983) and for violations of Tennessee common law. Thus, as to the § 1983 claims, this Court is vested with

~ 2 ~

original jurisdiction pursuant to the authority stated in <u>Haywood v. Drown</u>, 556 U.S. 729 (2009). This Court is vested with original jurisdiction over Aaron's state claims pursuant to TENN. CODE ANN. § 16-10-101, <u>et seq.</u>

10. This is an action brought by Heather to redress violations of Tennessee common law. Thus, this Court is vested with original jurisdiction over the Heather's state claims pursuant to TENN. CODE ANN. § 16-10-101, <u>et seq.</u>

11. Venue is proper in this Court pursuant to TENN. CODE ANN. § 20-4-102. All acts complained of occurred within Hamilton County.

    a. Plaintiffs are residents of Hamilton County, Tennessee.

    b. To the best of plaintiffs' knowledge the individual defendants are residents of Hamilton County, Tennessee.

    c. County is a political sub-division of the State of Tennessee.

**The Parties:**

12. At all times relevant to this cause of action, plaintiffs were married to one another, enjoyed the status of Husband and Wife, and were citizens of the United States and residents and citizens of the State of Tennessee.

13. At all times relevant to this cause of action, the County was a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

    a. The County finances its law enforcement department identified and averred as the Hamilton County Sheriff's Department ("law enforcement department" or "department") and provides rules and regulations for the operation of the law enforcement department.

~ 3 ~

      b.      The County provides oversight of the hiring, training, discipline, and retention of all personnel in its law enforcement department.

14.      Specifically, and at all times relevant to this cause of action, the County is responsible for the creation and maintenance of its law enforcement department, which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee as to:

      a.      The training and certification of its law enforcement employees (hereinafter the terms[s] "law enforcement employee[s]" is alternatively used with the term, "officer[s]" and vice-versa);

      b.      The safety of persons detained or otherwise within the custody of its individual officers and agents;

      c.      To create rules and regulations to properly identify officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the County on notice of officers who are a threat to citizens within its jurisdiction;

      d.      To create rules and regulations to properly investigate officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the County on notice of officers who are a threat to citizens within its jurisdiction;

      e.      Not to hire, retain, re-hire, or promote law enforcement officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the County on notice of officers who are a threat to citizens within its jurisdiction;

~ 4 ~

f.     To properly and promptly investigate claims by citizens of misconduct by its officers; and

g.     To promptly provide documentation hereinafter "public record" of any officer-involved incident created by officers or agents of the County upon demand by any person.

15.     Specifically, and at all times relevant to this cause of action, the County is responsible for the medical care of Aaron pursuant to TENN. CODE ANN. § 41-4-115 and the expansive interpretation of that statute in <u>Chattanooga-Hamilton County Hosp. Auth. v. Bradley County</u>, 249 S.W.3d 361, 366-367 (Tenn. 2008).

16.     At all times relevant to this cause of action, the individual defendants were employed by the County and acted under the color of law, statute, ordinance, regulation, custom, or usage and operated under color of their respective offices. In addition:

a.     At all times relevant to this cause of action, the individual defendants acted in his/her official capacities as agents, servants, and employees, as defined under TENN. CODE ANN. § 29-20-102, for the County. Plaintiffs sue the individual defendants in their individual and official capacities.

**Factual Basis of Complaint:**

17.     At all times relevant to this matter, the plaintiffs were married to one another and enjoyed the titles of Husband and Wife.

18.     At all times relevant to this matter, Aaron was employed by the County as an agent, servant, and employee, as defined under TENN. CODE ANN. § 29-20-102, and as a member of the County's law enforcement department.

~ 5 ~

19. On November 11, 2014, plaintiffs were inside their home located at 1516 Ely Road.

20. Plaintiffs heard a loud noise of something "being broken" outside their home.

21. Aaron stepped outside and saw a dark grey vehicle had crashed in the front yard of plaintiffs' home.

22. Aaron saw a man run into plaintiffs' carport, and Aaron followed for a brief distance when the individual defendants confronted Aaron and as Aaron remained on his private property.

23. Aaron saw the individual defendants pointing their firearms at him, and the individual defendants told Aaron to "get on the ground."

24. Aaron raised his hands in the air, told the individual defendants that he was an "off duty deputy" and immediately complied with the demand to "get on the ground."

25. Aaron, a trained law enforcement officer, knew that he had a duty to comply with the demands of the individual defendants, and he complied with every demand and directive of the individual defendants.

26. At no time did Aaron ever offer any resistance to the individual defendants nor did he do anything other than comply with all demands of the individual defendants.

27. Heather was outside and within ten feet of Aaron and observed the entirety of the events stated in this factual portion of this Complaint.

28. Throughout the events stated herein, Heather told the individual defendants that Aaron was a law enforcement officer, but the individual defendants ignored her.

29. While Aaron was prone and face down with his arms outstretched, the individual defendants got on top of Aaron and battered Aaron with their hands.

~ 6 ~

30.     One defendant forced Aaron's face into the concrete.

31.     While Aaron was face-down with the defendants on him, Killingsworth struck Aaron multiple times with a baton.

32.     At no time did Aaron offer any resistance to Killingsworth nor did Killingsworth have any lawful justification to use a deadly weapon on the helpless Aaron.

33.     At no time did Aaron offer any resistance to the individual defendants nor did they have any lawful justification to use force on the helpless Aaron.

34.     At all times while the individual defendants battered and humiliated Aaron, Heather repeatedly yelled that Aaron was a police officer and for the individual defendants to stop beating and injuring Aaron.

35.     Plaintiffs' next door neighbor, Misty Barnes observed the entire events described in this factual basis of this Complaint. Barnes heard one or all of the individual defendants tell Aaron to "stay down," but that Aaron at no time attempted to get up, and he could not get up since so many persons were on top of him. Barnes yelled at the individual defendants to stop beating Aaron and they were "beating the wrong man" whereupon the individual defendants ceased beating Aaron.

36.     The individual defendants realized they made an error and that other officers not involved in the abuse of Aaron actually apprehended the driver of the pickup. Consequently, the individual defendants stopped beating Aaron and one, some or all of them told Aaron that "they were all brothers, man."

37.     At no time during the events stated in this factual basis of the Complaint did any of the individual defendants take any steps or make any effort to stop their fellow officers from abusing the helpless and compliant Aaron.

~ 7 ~

38.    At no time during the events stated in this factual basis of the Complaint or anytime subsequent did any of the individual defendants report the actions of their fellow officers to any supervisory personnel of the department.

39.    The County has refused to pay for Aaron's necessary medical treatment despite the fact that Aaron was in the custody of and seized by the individual defendants at the time of the events stated in this Complaint.

40.    On or about November 16, 2014, Aaron filed with his department an internal complaint against the individual defendants, but as of the date of this Complaint, the County has taken no action on his internal complaint.

41.    Subsequent to the events stated in the factual basis of this Complaint, the County circulated a department-wide email that contained a "list" of persons with claims against the County. At the time of this email, Aaron had not filed this instant lawsuit, and the impact of the email stigmatized Aaron within his department as a person who was not a "brother" as stated by the individual defendants and has subjected Aaron to humiliation and mental anguish.

**Count One:**
**Violation of Civil Rights Under**
**Color of Law 42 U.S.C. §1983**

42.    Pursuant to Rule 10 of the Tennessee Rules of Civil Procedure, the Plaintiffs reassert and incorporate fully all averments stated in this Complaint as if fully set out herein.

43.    The force used by the individual defendants under the facts set forth in this Complaint amounted to unlawful and excessive force that carried a high risk of serious bodily harm and death, was unnecessary and unreasonable under the circumstances and was the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress. No reasonable officer would have acted as these individual defendants.

~ 8 ~

44.     The individual defendants acted under color of law and their negligent and intentional acts deprived Aaron of rights secured to him under the United States Constitution to be free from:

  a.     Unreasonable seizures of persons, property, and effects, without due process of law (Fourth Amendment).

  b.     The right to be free from the unlawful searches and seizures stated herein without the Due Process of Law (Fourteenth Amendment).

45.     The County had a duty to ensure that its agents were properly trained in the use of force (to include when to use a baton). The conduct of the individual officers reflects a lack of such training, and this failure constitutes deliberate indifference by the County and was the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

46.     The County had a duty to properly supervise its agents and law enforcement officers. The conduct of the individual officers reflects a lack of supervision. Moreover, the failure of the County to conduct a timely and meaningful investigation in response to Aaron's complaint and the County's refusal to pay for the medical treatment Aaron required as a direct and proximate result of the acts and omissions of the individual defendants constitutes deliberate indifference by the County and was the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

47.     In addition to the averments of ¶ 46, the County had a duty to properly investigate and remove officers who display unwarranted aggression towards citizens. The County's failure to conduct a timely and meaningful investigation in response to Aaron's complaint and the County's refusal to pay for the medical treatment Aaron required as a direct and proximate result of the acts and omissions of the individual defendants constitutes deliberate indifference by the

~ 9 ~

County. In turn, this deliberate indifference created an atmosphere within the department that allowed the individual defendants to believe their conduct would go unpunished and was the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

48.     The County's department-wide email dissemination of a list of persons with claims against the County and/or the department, which contained Aaron's name, is tantamount to an act of intimidation and is further evidence that the County tolerates misconduct among its employees and agents.

49.     Consequently, the actions stated in this Complaint created an environment that allowed the individual defendants to believe that abusive behavior would not be properly monitored, investigated, nor punished. The comments by the individual defendants to Aaron and Heather, that they and Aaron were "brothers," reflects an internal creed that the law enforcement agents of the County had a code of silence, which is only possible in an environment created or allowed by the County as described herein. The failures averred in this factual basis of this Complaint constitute deliberate indifference by the County and were the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

50.     Aaron avers that such actions and omissions on the part of the individual defendants and the County constitute a violation of § 1983 and were done to deprive Aaron of the following rights established under the United States Constitution:

        a.     The right to be free from unreasonable seizures secured to him by the Fourth and Fourteenth Amendments;

        b.     The right not to be deprived of liberty without Due Process as secured to him by the Fourteenth Amendment.

~ 10 ~

51.    The individual defendants' conduct was with actual malice toward the Aaron and with willful and wanton indifference to and with deliberate disregard for Aaron's constitutional rights. Thus Aaron is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. §1988 as to the individual defendants.

52.    The acts and omissions of the County constitute deliberate indifference toward Aaron and with willful and wanton indifference to and with deliberate disregard for Aaron's constitutional rights. This failure constitutes deliberate indifference and was the direct and proximate cause of Aaron's physical injuries, mental anguish, and emotional distress. Thus Aaron is entitled to actual damages, and attorney fees pursuant to 42. U.S.C. §1988 as to the County.

## Count Two:
## Common Law Assault

53.    The individual defendants' continued use of threats of continued unlawful violence against Aaron created in Aaron's mind a well-founded fear of continued peril.

54.    The individual defendants' acts and omissions as described herein constitute an assault in violation of common law, and were the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress. Aaron sues the individual defendants in their individual capacities for this tort. As to their official capacities, their conduct as described in this Complaint removes any immunity they may have under TENN. CODE ANN. § 29-20-205.

55.    The County, by its deliberate indifference and/or negligence as described in this Complaint places it responsible for the acts and omissions of the individual defendants, and thus are not immune under TENN. CODE. ANN. § 29-20-205. In addition, the County is liable to Aaron pursuant to TENN. CODE ANN. § 8-8-302.

~ 11 ~

**Count Three:**
**Common Law Battery**

56.     The individual defendants' use of unlawful violence against Aaron was the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

57.     The individual defendants' acts and omissions as described herein constitute a battery in violation of common law, and were the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress. Aaron sues the individual defendants in their individual capacities for this tort. As to their official capacities, their conduct as described in this Complaint removes any immunity they may have under TENN. CODE ANN. § 29-20-205.

58.     The County, by its deliberate indifference and/or negligence as described in this Complaint places it responsible for the acts and omissions of the individual defendants, and thus the County is not immune under TENN. CODE. ANN. § 29-20-205. In addition, the County is liable to Aaron pursuant to TENN. CODE ANN. § 8-8-302.

**Count Four:**
**Negligence – County**

60.     The County had a duty of care to ensure the individual defendants were properly trained and supervised. The acts and omissions of the individual defendants as described in this Complaint reflect a lack of supervision and a lack of training in the safe handling of all persons in the custody of its agents. The County's failure to properly train and supervise the individual defendants is the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

61.     The County, by its deliberate indifference and/or negligence as described in this Complaint places it responsible for the acts and omissions of the individual defendants, and thus

~ 12 ~

the County is not immune under TENN. CODE. ANN. § 29-20-205. In addition, the County is liable to Aaron pursuant to TENN. CODE ANN. § 8-8-302.

**Count Five**
**Negligence – Individual Defendants**

62.    The individual defendants had a duty of care to properly handle Aaron once he was in their custody and control and to ensure he was not harmed. The acts and omissions of the individual defendants as described in this Complaint is the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

63.    Aaron sues the individual defendants in their individual capacities for this tort. As to their official capacities, their conduct as described in this Complaint removes any immunity they may have under TENN. CODE ANN. § 29-20-205.

**Count Six:**
**Tort of Outrage – Aaron**

64.    The acts and omissions of the individual defendants as described in this Complaint was so outrageous in character, so extreme in degree, and beyond the pale of decency and is the direct and proximate cause of Aaron's physical injuries, mental anguish and emotional distress.

65.    Aaron sues the individual defendants in their individual capacities for this tort.

66.    Aaron sues the County for this tort pursuant to TENN. CODE ANN. § 8-8-302.

**Count Seven:**
**Tort of Outrage – Heather**

67.    Heather was in full view and within ten feet of the events between her husband and the individual defendants.

68.    Aaron suffered serious physical injuries that required medical treatment the County has refused to pay.

~ 13 ~

69.     The acts and omissions of the individual defendants as described in this Complaint was so outrageous in character, so extreme in degree, and beyond the pale of decency and is the direct and proximate cause of Heather's mental anguish and emotional distress.

70.     Heather sues the individual defendants in their individual capacities for this tort.

71.     Heather sues the County for this tort pursuant to TENN. CODE ANN. § 8-8-302.

**Count Eight:**
**Negligent Infliction of**
**Emotional Distress – Aaron**

72.     The individual defendants had a duty to ensure Aaron was not harmed, abused or treated with unnecessary rigor while in their custody and control. The County had a duty to train the individual defendants in the proper care and treatment of all persons in the custody and control of the individual defendants.

73.     The acts and omissions described in this Complaint reveal a breach of the duty stated in ¶ 72, and the failure of the defendants is the direct and proximate cause of Aaron's, mental anguish and emotional distress.

74.     Aaron sues the individual defendants in their individual capacities for this tort.

75.     Aaron sues the County for this tort pursuant to TENN. CODE ANN. § 8-8-302.

**Count Eight:**
**Negligent Infliction of**
**Emotional Distress – Heather**

76.     Heather was in full view and within ten feet of the events between her husband and the individual defendants.

77.     The individual defendants had a duty to ensure Aaron was not harmed, abused or treated with unnecessary rigor while in their custody and control. The County had a duty to train

~ 14 ~

the individual defendants in the proper care and treatment of all persons in the custody and control of the individual defendants.

78.     The acts and omissions described in this Complaint reveal a breach of the duty stated in ¶ 77, and the failure of the defendants is the direct and proximate cause of Heather's mental anguish and emotional distress.

79.     Heather sues the individual defendants in their individual capacities for this tort.

80.     Heather sues the County for this tort pursuant to TENN. CODE ANN. § 8-8-302.

WHEREFORE, the plaintiff demands judgment against the defendants and requests the following relief:

A.     The Court to award compensatory damages in the amount of two hundred thousand dollars ($200,000.00) against the County and the individual defendants, and to award punitive damages in the amount of five hundred thousand dollars ($500,000.00) against the individual defendants in their individual capacities.

B.     That the Court award attorney's fees;

C.     That the Court award costs, and discretionary costs;

D.     Any other relief the Court may deem fit and proper;

E.     Any other relief the Court may deem fit and proper pursuant to 42 U.S.C. §1988, and

F.     Allow a jury trial on all issues.

Respectfully submitted,

By: _____

**ROBIN RUBEN FLORES**
TENN. BPR #20781
GA. STATE BAR #200745
Attorney for Plaintiffs
4110-A Brainerd Road
Chattanooga, TN 37411
423 / 267-1575  fax 267-2703
robinflores@epbfi.com

STATE OF TENNESSEE     )
HAMILTON COUNTY        )

    I, Aaron Lucas Shelton, first being duly sworn, do hereby make solemn oath that the facts contained in this Complaint are true to the best of my knowledge, information, and belief.

    This the 25 day of FEBRUARY, 2015.

_____
Aaron Lucas Shelton

SWORN TO BEFORE ME THIS 25th
DAY OF February, 2015.

_____
Notary Public
My commission expires August 26, 2017

STATE OF TENNESSEE     )
HAMILTON COUNTY        )

    I, Heather Nicole Shelton, first being duly sworn, do hereby make solemn oath that the facts contained in this Complaint are true to the best of my knowledge, information, and belief.

    This the 25th day of February, 2015.

_____
Heather Nicole Shelton

SWORN TO BEFORE ME THIS 25th
DAY OF February, 2015.

_____
Notary Public
My commission expires August 26, 2017

~ 16 ~

# State of Tennessee

## In the Circuit Court of Hamilton County

FILED IN OFFICE
2015 FEB 27 PM 3: 13
LARRY L. HENRY, CLERK
BY _____ DC

AARON LUCAS SHELTON, et al
_____
**Plaintiff**

HAMILTON COUNTY GOVERNMENT, et al

No. 15C322

_____
**Defendant**

# SUMMONS

HAMILTON COUNTY GOVERNMENT
c/o RHEUBIN TAYLOR, ESQ

TO: _____
**Defendant**                    **Address**
DEPUTY CURTIS BRIAN KILLINGSWORTH (in his official capacity)
DEPUTY CURTIS BRIAN KILLINGSWORTH (in his individual capacity)
_____
**Defendant**                    **Address**

JOHN DOE[S[ 1 through 10 in their official and individual capacities
_____
**Defendant**                    **Address**

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this **27** day of **February** , 20 **15**

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

**Larry L. Henry,** Circuit Court Clerk

By **J. Skofield, DC.**
**Deputy Circuit Court Clerk**

Attorneys for Plaintiff _____ Robin R. Flores
Attorney at Law
4110-A Brainerd Rd.
Chatt., TN 37411
_____
**Address**

Plaintiff's Address _____

Received this _____ day of _____ , 20 _____

/S/ _____
**Deputy Sheriff**

SERVICE RETURN

ADA COORDINATOR, FOR ASSISTANCE CALL (209-7500)

# IN THE CIRCUIT COURT FOR HAMILTON COUNTY
## STATE OF TENNESSEE

**AARON LUCAS SHELTON, et al**                )
                                             )
**Plaintiff,**                               )
                                             )
**v.**                                       )          Case No.:  15 C 322
                                             )
**HAMILTON COUNTY**                          )
**GOVERNMENT, et al**                        )
                                             )
**Defendants.**                              )

## <u>AFFIDAVIT OF MARC LAWRENCE</u>

I, Marc Lawrence, being duly sworn, makes oath as follows:

1.     That I am a residence of the State of Tennessee and that I have attained the age of eighteen (18) years; and

2.     That I am not a party to this action; and

3.     That on March 3, 2015 service was performed on Deputy Curtis Brian Killingsworth (in his individual capacity) at 600 Market Street, room 108, Chattanooga, Tennessee 37402.  Janice Reno of the Hamilton County Sheriff's Department accepted service for the Defendant.

_____
Marc Lawrence

Sworn to and subscribed before me
This __3rd__ day of __March__, 2015

_____
Notary Public

My commission expires: __3-24-2018__

# State of Tennessee

## In the Circuit Court of Hamilton County

FILED IN OFFICE
2015 FEB 27 PM 3:17
LARRY L. HENRY, CLERK
BY _____ DC

AARON LUCAS SHELTON, et al
**Plaintiff**

HAMILTON COUNTY GOVERNMENT, et al      No. 15 C 322
**Defendant**      II

# SUMMONS

HAMILTON COUNTY GOVERNMENT
c/o RHEUBIN TAYLOR, ESQ

TO:

| Defendant | Address |
|---|---|
DEPUTY CURTIS BRIAN KILLINGSWORTH (in his official capacity)
DEPUTY CURTIS BRIAN KILLINGSWORTH (in his individual capacity)

**Defendant**      **Address**

JOHN DOE[S[ 1 through 10 in their official and individual capacities

**Defendant**      **Address**

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this _27_ day of _February_ , 20_15_

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Larry L. Henry, Circuit Court Clerk

By _J. Skolfield, D.C._
**Deputy Circuit Court Clerk**

Attorneys for Plaintiff _Robin R. Flores_
Attorney at Law
4110-A Brainerd Rd.
Chatt., TN 37411

**Address**

Plaintiff's Address _____

Received this _____ day of _____ , 20 ___

/S/_____

**Deputy Sheriff**

SERVICE RETURN

ADA COORDINATOR, FOR ASSISTANCE CALL (209-7500)

# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

AARON LUCAS SHELTON, and §
§
HEATHER NICOLE SHELTON, §
§
*Plaintiffs,* §
§
§
~v~ §
§ No. 15-C-322
HAMILTON COUNTY GOVERNMENT, §
§ **JURY DEMAND**
§
CURTIS BRIAN KILLINGSWORTH, §
In his official capacity as an §
agent for Hamilton County Government §
and in his individual capacity, §
§
§
*and* §
§
JOHN DOE[S] 1 THROUGH 10, §
In their official capacities as §
agents for Hamilton County Government §
and in their individual capacities, §
§
§
*Defendants.* §

## AFFIDAVIT OF SERVICE

  1.  I am Robin Ruben Flores, Esq., and I am counsel for the plaintiffs. I make this affidavit upon first-hand information, and I am competent to make this affidavit.

  2.  I obtained service of the summons and complaint upon the defendant Hamilton County Government via its attorney, Rheubin Taylor by hand delivery on March 2, 2015.

  3.  I have attached the service return of the summons to this affidavit.

AFFIANT STATES NOTHING FURTHER

***Notary oath on next page***

~ 1 ~

**State of Tennessee** )
**Hamilton County** )

    I, Robin Ruben Flores, first being duly sworn, do hereby make solemn oath that the facts contained in this Affidavit are true to the best of my knowledge, information, and belief.

This the 3$^{d}$ day of _March_, 2015.

                                      Robin Ruben Flores

SWORN TO BEFORE ME THIS 3rd
DAY OF March , 2015

_Wed Sloop_
Notary Public
My commission expires August 26, 2017



# State of Tennessee

## In the Circuit Court of Hamilton County

AARON LUCAS SHELTON, et al
_____
**Plaintiff**

HAMILTON COUNTY GOVERNMENT, et al          No. 15C322

_____
**Defendant**

FILED IN OFFICE
2015 FEB 27 PM 3:15
LARRY L. HENRY, CLERK
_____ DC

# SUMMONS

HAMILTON COUNTY GOVERNMENT
c/o RHEUBIN TAYLOR, ESQ

TO:
| **Defendant** | **Address** |
|---|---|

DEPUTY CURTIS BRIAN KILLINGSWORTH (in his official capacity)
DEPUTY CURTIS BRIAN KILLINGSWORTH (in his individual capacity)

| **Defendant** | **Address** |
|---|---|

JOHN DOE[S[ 1 through 10 in their official and individual capacities

| **Defendant** | **Address** |
|---|---|

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 27 day of February, 20 15

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

**Larry L. Henry**, Circuit Court Clerk

By J. Skolfield, D.C.
**Deputy Circuit Court Clerk**

**Attorneys for Plaintiff** _____ Robin R. Flores
Attorney at Law
4110-A Brainerd Rd.
Chatt., TN 37411
**Address**

**Plaintiff's Address** _____

Received this _____ day of _____, 20____

/S/ _____

**Deputy Sheriff**

SERVICE RETURN

ADA COORDINATOR, FOR ASSISTANCE CALL (209-7500)

# IN THE CIRCUIT COURT FOR HAMILTON COUNTY
## STATE OF TENNESSEE

AARON LUCAS SHELTON, et al     )
    )
Plaintiff,     )
    )
v.     )    Case No.: 15 C 322
    )
HAMILTON COUNTY     )
GOVERNMENT, et al     )
    )
Defendants.     )

## AFFIDAVIT OF MARC LAWRENCE

I, Marc Lawrence, being duly sworn, makes oath as follows:

1. That I am a residence of the State of Tennessee and that I have attained the age of eighteen (18) years; and

2. That I am not a party to this action; and

3. That on March 3, 2015 service was performed on Deputy Curtis Brian Killingsworth (in his official capacity) at 600 Market Street, room 108, Chattanooga, Tennessee 37402. Janice Reno of the Hamilton County Sheriff's Department accepted service for the Defendant.

_____
Marc Lawrence

Sworn to and subscribed before me
This _3rd_ day of _March_, 2015

_____
Notary Public

My commission expires: 3-24-2018

CHERYL M. CATE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
HAMILTON COUNTY