UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AARON LUCAS SHELTON, and <br> HEATHER NICOLE SHELTON, <br><br> Plaintiffs, <br><br> vs. <br><br> HAMILTON COUNTY GOVERNMENT, <br> CURTIS BRIAN KILLINGSWORTH, <br> In his official capacity as an agent for Hamilton County Government and in his individual capacity, and <br> JOHN DOES, 1 THROUGH 10, in their official capacities as an agents for Hamilton County Government, and in their individual capacities, <br><br> Defendants. | No. 1:15-cv-53 |

## ANSWER OF HAMILTON COUNTY, BRIAN KILLINGSWORTH, AND JOHN DOES

Defendants Hamilton County Government ("Hamilton County"), Brian Killingsworth ("Officer Killingsworth") and John Does respond as follows to the Complaint filed against them:

1. The allegations contained in Paragraph 1 of the Complaint as to deprivation of civil rights and violations of statutory and common laws of the State of Tennessee are denied.

2. Paragraphs 2 through 4 of the Complaint are admitted to the extent that *Tennessee Code Annotated* § 8-8-302 and the Tennessee Governmental Tort Liability Act are appropriate statutory mechanisms to bring this Complaint; however, without the aid of discovery, these Defendants can neither admit nor deny the underlying factual allegations of the Complaint, and strict proof is demanded thereof.

3. Paragraphs 5 and 6 of the Complaint are admitted upon information and belief.

4. Paragraph 7 of the Complaint is denied.

5. Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 8 of the Complaint.

6. Paragraphs 9 through 11 of the Complaint are admitted as to jurisdiction and venue; however, the United States District Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(a)(b) and (c), and 28 U.S.C. § 1443, and this matter has been removed from the Circuit Court for Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee. It is admitted that Hamilton County, Tennessee is a political sub-division of the State of Tennessee. The residency of the Plaintiffs is admitted upon information and belief. Without the aid of discovery, these Defendants can neither admit nor deny the residency of the individually-named officers.

7. Paragraph 12 of the Complaint is admitted upon information and belief.

8. Paragraph 13 of the Complaint is admitted to the extent that the County is a political subdivision of the State of Tennessee which finances the Hamilton County Sheriff's Office ("Sheriff's Office"); however, the Sheriff's Office operates under rules and regulations promulgated by itself in accordance with the laws of the State of Tennessee. The Sheriff's Office provides for its own hiring, training, discipline and retention of personnel.

9. Paragraph 14 of the Complaint is denied as stated. The Hamilton County Sheriff's Office is statutorily established by the State of Tennessee and is further provided for in the Constitution of the State of Tennessee.

10. Paragraph 15 of the Complaint is denied. *Tennessee Code Annotated* § 41-4-115 and *Chattanooga-Hamilton County Hosp. Auth. V. Bradley County,* 249 S.W.3d 361, 366-67 specifically provide for the provision of medical care to prisoners confined in jail.

11. Paragraph 16 of the Complaint is admitted to the extent that Officer Killingsworth and Officers Doe were acting under the color of their offices; however, it is denied that any such actions were in violation of any of the Plaintiffs' rights.

12. Paragraph 17 of the Complaint is admitted upon information and belief.

13. Paragraph 18 of the Complaint is admitted to the extent that Aaron Shelton was employed by the Sheriff's Office; however, it is denied that Aaron Shelton was employed as a law enforcement officer.

14. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraphs 19 through 22 of the Complaint, and strict proof is demanded thereof.

15. Without the aid of discovery, these Defendants can neither admit nor deny what Plaintiff Aaron Shelton saw, as alleged in Paragraph 23 of the Complaint, and strict proof is demanded thereof; however, it is admitted that various members of the Sheriff's Office ordered him to "get on the ground."

16. It is denied that Plaintiff Aaron Shelton immediately complied with the demand to "get on the ground" as alleged in Paragraph 24 of the Complaint.

17. Paragraph 25 of the Complaint is admitted in part and denied in part. It is denied that Plaintiff Aaron Shelton is a trained law enforcement officer – he is a trained corrections officer. It is averred that his training as a corrections officer has emphasized that he had a duty

to comply with the orders of the individual defendants. It is denied that Plaintiff Aaron Shelton complied with every demand and directive.

18. Paragraphs 26 through 35 of the Complaint are denied.

19. Paragraph 36 of the Complaint is admitted to the extent that they ceased attempting to gain Plaintiff Aaron Shelton's compliance when informed by other officers that the other officers had the driver of the pickup in custody. The remaining allegations are denied.

20. Paragraphs 37 and 38 of the Complaint are denied.

21. Paragraphs 39 and 40 of the Complaint are denied as stated. Plaintiff Aaron Shelton refused medical treatment by Hamilton County EMS employees at the scene. Five days after the incident, he requested that his medical treatment be covered by the County as an on-the-job-injury claim. His claim was denied as he was not on the job at the time of the incident, and he received a written denial of the claim.

22. Paragraph 41 of the Complaint is denied.

23. No response is required of these Defendants to Paragraph 42 of the Complaint.

24. Paragraph 43 of the Complaint is denied.

25. Paragraph 44 of the Complaint is admitted to the extent that the individual Defendants acted under color of law; however, the remaining allegations of Paragraph 44 are denied.

26. In response to Paragraphs 45 through 47 of the Complaint, it is admitted that the County had certain duties relative to its law enforcement officers; however, it is denied that it failed in any of those duties. It is further denied that the failure of such duties were the direct and proximate cause of any of Plaintiff Aaron Shelton's injuries.

27. Paragraphs 48 through 58 of the Complaint are denied.

28. The Complaint contains no Paragraph 59.

29. Paragraph 60 of the Complaint is admitted relative to the duty of care of Hamilton County; however, the remaining allegations of Paragraph 60 are denied.

30. Paragraph 61 of the Complaint is denied.

31. Paragraph 62 of the Complaint is admitted relative to the duty of care of Hamilton County; however, the remaining allegations of Paragraph 62 are denied.

32. Paragraphs 63 and 64 of the Complaint are denied.

33. No response is required of these Defendants to Paragraphs 65 and 66 of the Complaint.

34. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraphs 67 and 68 of the Complaint, and strict proof is denied.

35. Paragraph 69 of the Complaint is denied.

36. No response is required of these Defendants to Paragraphs 70 and 71 of the Complaint.

37. Paragraph 72 of the Complaint is admitted to the extent that the County had a duty to train ; however, it is denied that the actions of the individual Defendants fell outside the parameters of such training.

38. Paragraph 73 of the Complaint is denied.

39. No response is required of these Defendants to Paragraphs 74 and 75 of the Complaint.

40. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph 76 of the Complaint, and strict proof is demanded.

41. Paragraph 77 of the Complaint is admitted to the extent that the County had a duty to train ; however, denies that the actions of the individual Defendants fell outside the parameters of such training.

42. <u>Paragraph 78</u> of the Complaint is denied.

43. No response is required of these Defendants to <u>Paragraphs 79</u> and <u>80</u> of the Complaint.

44. Any allegation in the Complaint not hereinabove admitted, denied or otherwise controverted is hereby denied;

45. The Complaint fails to state a claim and/or cause of action against these Defendants upon which relief can be granted;

46. It is admitted that any actions taken by these Defendants were done under the color of state law; however, it is denied that any of the allegations in the Complaint demonstrate any violations of federal or state law;

47. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq., and these Defendants are entitled to all defenses, immunities, and protections of said Act, including, but not limited to, immunity for the exercise or performance or failure to exercise or perform any discretionary duty;

48. At all times pertinent hereto, each of the individual Defendants were acting in the good-faith performance of their duties and are entitled to qualified immunity in this cause;

49. Process of service of the Complaint is insufficient as to Brian Killingsworth pursuant to *F.R.Civ.P.* 12(b)(5).

50. These Defendants cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of any of this Defendants;

51. These Defendants state that the Plaintiff's actions constitute comparative fault. The Plaintiff persistently refused to "get on the ground" as directed by various Sheriff's Office Deputies. The Plaintiff was further resistant to Deputies by refusing to lie still while the Deputies were attempting to gain his compliance. Such actions were negligent and constitute comparative fault, which either entirely bars recovery from Hamilton County or reduces any recovery against Hamilton County commensurate with the comparative fault of the Plaintiff.

52. Hamilton County further states that, relative to the Plaintiffs' claims under GTLA, a jury trial is not applicable.

53. These Defendants are presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserve the right to amend their Answer to plead any affirmative defenses or matter of avoidance.

WHEREFORE having fully answered, these Defendants pray that the Complaint be dismissed.

HAMILTON COUNTY ATTORNEY'S OFFICE

By: s/*R. Dee Hobbs*
R. Dee Hobbs, BPR No. 10482
*Assistant County Attorney*
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

          *s/R. Dee Hobbs*

Robin R. Flores, Esq.
4110-A Brainerd Road
Chattanooga, TN 37411